Nott, J.,
delivered tbe opinion of tbe court:
This is an action brought to recover damages upon a contract for tbe purchase of seal-locks for tbe use .of tbe Treasury Department.
In 1873, a Secretary of tbe Treasury, Mr. Bontwell, determined that an improved form of lock was necessary for sealed cars carrying unappraised merchandise through the United States and Canada, and advertised for proposals for new. forms of locks to be furnished to the department.
In 1874, an Assistant Secretary of the Treasury, Mr. Sawyer, notified the claimants that the department had adopted their lock, and requested them to manufacture 3,000 locks for bonded warehouses and 3,000 for cars carrying unappraised merchandise, with six months’ supply of seals for each.
On the 1st September, 1874, another Secretary of the Treasury, Mr. Bristow, examined one of 500 locks then manufactured and ready for delivery, and ordered an additional attachment to be manufactured and applied to the remaining 5,500 locks, the alteration to be at the cost of the defendants, and the 500 already completed to be accepted without alteration.
In December 1874, the claimant sought to deliver and tend- *215 erecl, to the department the 500 locks before referred to and 500 more having the additional attachment ordered by Mr. Bristow. The department declined to receive them then, and subsequently denied all obligation to receive any locks under the agreement. As to the seals, they, or a large quantity of them, 100,000, were previously delivered by the claimants and paid for by the department. The remaining 5,000 locks were nearly completed when the department refused to receive them, and they, with the 1,000 tendered, are still held by the claimants subject to the department’s order.
It was objected on the part of the defendants that the claimants, as a corporation, could only act through their board of trustees; and that, their agent having contracted without a formal authorization of the board, his acts cannot be considered those of the corporation; and hence that the contract lacked the binding element of mutuality. But the court is of the opinion that, when the corporation adopted the agent’s agreement by manufacturing and delivering a portion of the things contracted for, it became their agreement, apart .from any precedent authority; and that, when they have thus ratified his acts it does not lie in the mouth of the other contracting party, after performance, to question his authority.
It was also objected on the part of the defendants that an ex-ecutory contract to furnish supplies for the use of an executive department, to be binding, must be founded on advertisement, as prescribed by the Act 2d March, 1861 (12 Stat. L., 220), which provides u all purchases and contracts for supplies or services. in any of the departments” u shall he made by advertising” ufor proposalsBut the court is of the opinion that if the statute is mandatory and not directory, and if the Assistant Secretary was without discretion to contract without advertising within the intent of the Supreme Court’s décision in Speed’s Case (7 C. Cls. R., 93); and if the seal-lock of the claimant’s, though a specialty, was still a subject for competition within the meaning of the statute, nevertheless the advertisement of the Secretary of the Treasury for proposals for new forms of locks was a substantial compliance with the statutory provision.
It was also objected on the part of the defendants that the written order of Assistant Secretary Sawyer, which specified neither price nor time, did not constitute a binding executory con *216 tract, and that it cannot be liolpen out and made effectual by the oral agreement which supplemented it. Be that as it may, the court is of the opinion that this is an objection which should have been raised when the claimants first presented a manufactured lock to the Secretary of the Treasury, and that when he agreed to accept the 500 locks then ready for delivery and ordered an alteration in the 5,500 then in process of manufacture, he ratified and adopted all that had been said and done both with regard to quantity and with regard to price. Certainly no private corporation could thus entangle a contractor into rendering further work and service, and then be allowed to say that the pre-existing agreement of its former officers was not obligatory upon the corporation.
It was also objected on the part of the defendants that if the oral agreement of the Assistant Secretary as to time and price constituted a valid contract, then the claimants were bound to manufacture and deliver all of the locks contracted for by the 1st October, 1874. Without conceding that time was of the essence of the contract, or that the subsequent extension of the Assistant Secretary was not binding upon the defendants, the court is of the opinion that the alteration ordered by Mr. Bristow on the 1st September, 1874, constituted an extension of the time to manufacture and deliver, and that the objection is answered by the decision of the Supreme Court in theAmosIceag Company’s Case (9. C. Cls. R, 50).
The judgment of the court is that the claimant recover—
For 500 locks, manufactured according to sample and tendered in Washington, the agreed price of $4.25 per lock, amounting to.$2,125 00
For 500 locks with the additional attachment affixed, likewise tendered in Washington, $4.G4¿ per lock, amounting to.•. 2,322 50
For 5,000 locks with the attachment, but not yet completed, $4.64J per lock, less 2 cents per lock, the cost of malting them ready for delivery, and $60, the cost of transporting them from the place of manufacture to the place of delivery. 23,065 00
Amounting in the aggregate to... 27,512 50